OPINION
{¶ 1} On May 16, 1992, appellant, Daniel Hayes, and appellee, Linda Hayes, were married. One child was born as issue of said marriage, namely, Ashley Hayes, born September 26, 1996. On March 20, 2001, appellee filed for divorce.
 {¶ 2} Hearings before a magistrate commenced on February 20, 2002. By decision filed March 28, 2002, the magistrate made several recommendations regarding the division of the parties' property. The issues pertinent to this appeal are the value of certain guns, the awarding of appellee's 401K to her without a set-off, and the amount of equity in the marital real estate.
 {¶ 3} Both parties filed objections. By judgment entry filed December 6, 2002, the trial court adopted the magistrate's findings of fact, but modified the orders as to the division of property. Specifically, the trial court adopted the magistrate's finding as to the guns, approved the awarding of appellee's 401K to her without a set-off, and assigned a negative value for the equity in the marital real estate.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The trial court erred in adopting the Magistrate's findings of fact. Specifically, the defendant objected to the Magistrate's finding of fact number 36, wherein, the court found the defendant's guns to be worth ten thousand dollars ($10,000.00). The magistrate found as a finding of fact that the defendant had failed to cooperate with the plaintiff's appraisal to view and appraise any of the guns. However, this finding of fact is not supported by the evidence."
 II {¶ 6} "The court erred in awarding the plaintiff her 401k without a set off for one-half (1/2) of the Clearfield Energy debt."
 III {¶ 7} "The trial court erred in assigning a negative equity to the real estate. said finding is not supportive by the expert witness testimony before the trial court."
 I {¶ 8} Appellant claims the trial court erred in determining the value of the guns to be worth $10,000. We disagree.
 {¶ 9} The trial court is provided with broad discretion in deciding what is equitable upon the facts and circumstances of each case. Cherryv. Cherry (1981), 66 Ohio St.2d 348. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb. v.Holcomb (1989), 44 Ohio St.3d 128. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 10} The specific finding appellant objected to was Finding of Fact No. 36 which states as follows:
 {¶ 11} "The Magistrate finds that when the defendant vacated the marital home in mid-September of 2000, he removed and took with him a gun cabinet capable of holding at least ten firearms, all of his firearms and bows (this includes all of those items listed in Finding of Fact numbered 32, above), all of his ammunition, arrows and reloading tools and equipment as well as his personal tools, boat, motors and cabinets. The Magistrate finds that none of these items has been appraised. The Magistrate finds that the plaintiff estimated the value of these items at $10,000.00 when she filed her complaint in this matter. Based upon the overall evidence admitted into the record and the defendant's refusal to cooperate in allowing the plaintiff's appraiser, Mr. Rhodeback, to view and appraise any of these items, the Magistrate finds the plaintiff's estimated value of $10,000.00 to be a reasonably accurate estimation of the value of such items."
 {¶ 12} Appellant argues this finding of fact obviously penalized him for failing to cooperate with the appraisal when in fact there was no evidence he failed to cooperate.
 {¶ 13} The appraisal of the personal property, done in Harrison County where the trial court found the property to be located, was conducted under appellant's direction. The appraiser only appraised those personal items identified by appellant to be his property. T. at 29-30, 38, 46. By appellant's own admissions, only one gun was appraised. T. at 90-93. Some testimony was presented via appellant's testimony as to the values assigned to some of the other guns by an appraiser who did not personally observe them, and did not give a value for each weapon. T. at 129-130. Appellee disagreed with the number of guns appellant claimed he owned. T. at 171.
 {¶ 14} It is axiomatic in law that the person who presents an affirmation of a fact bears the burden of establishing that fact. Appellant failed to present credible evidence of the value of the weapons and can only opine a value of less than $1,600 for some of them.
 {¶ 15} We concur with the trial court that appellant failed in the proof. The trial court was left with the only alternative, that is, to accept appellee's value. We do not find any punitive action taken by the trial court in so accepting this value.
 {¶ 16} Assignment of I is denied.
 II {¶ 17} During oral argument, appellant withdrew this assignment of error.
 III {¶ 18} Appellant claims the trial court erred in determining the value of the marital residence. We disagree.
 {¶ 19} In Findings of Fact Nos. 24, 25 and 26, the magistrate found the following:
 {¶ 20} "24. The Magistrate finds from the overall evidence admitted into the record and, specifically, the testimony of the parties, that the overall physical condition of the marital residence has deteriorated since Mr. Holder's appraisal in January of 2000. The defendant's testimony makes it very clear that he had let a number of items `go' and had disregarded maintenance well before he left the home in September of 2000. Taking into consideration the testimony of both appraisers, the testimony of the parties, the relevant documentary evidence and his having viewed the subject property, the Magistrate finds that the estimated fair market value of 24 Madison Avenue is $56,000.00 as of February 21, 2002. The Magistrate has averaged the appraised figures admitted into evidence to arrive at this figure which he finds and believes to be reasonably accurate. The Magistrate further finds that the January 2000 figure of $74,000.00 was, in his estimation, higher than the true fair market value of the home at that time and that the purported `recent improvements' to this property were overstated. Further, in his estimation, the valuation of $38,000.00 presented by the plaintiff was somewhat lower than what he believes the true value of the home to be. Mr. Rhodeback has in fact reduced his opinion of the fair market value of the home from $40,100.00 to $38,000.00 as he allowed for repairs that he estimated would cost approximately $2,100.00. The Magistrate finds this estimation to be reasonably accurate. He has therefore used the net figure of $38,000.00 in his calculation rather than the `gross' figure of $40,100.00
 {¶ 21} 25. The Magistrate finds that the Madison Avenue real property is subject to a mortgage deed and note held by City Financial. The principal balance owed on this obligation stood at $68,369.34 as of the trial date. Both parties are jointly liable on this mortgage obligation. The evidence shows that the parties refinanced this debt in order to finance the purchase of the Harrison County real property, described in Finding of Fact number 28, below.
 {¶ 22} 26. The Magistrate finds that there is no marital equity in the real property at 24 Madison Avenue, Newark, Ohio."
 {¶ 23} In its judgment entry filed April 10, 2003, the trial court awarded appellee the property "free and clear of all claims of the Defendant." The trial court adopted the magistrate's findings of fact and found the property "has a negative value due to the mortgages thereon, in the amount of $12,369.34." The trial court ordered appellee "shall pay, indemnify and save the Defendant harmless on the indebtedness associated with said real estate."
 {¶ 24} Appellant challenges the valuation of the property. Appellee's appraiser, Ronald Rhodeback, set the value of the property at $38,000. T. at 23-24. Mr. Rhodeback testified to the rundown condition of the residence. T. at 22, 48. Appellee testified the residence was in a poor condition. T. at 161-164. Appellant agreed with appellee's assessment of the property. T. at 229.
 {¶ 25} Appellant presented an appraisal by Dean Holder, done two years earlier and not updated. T. at 102, 104, 112. This appraisal was considerably higher, $74,000. T. at 104. The magistrate chose to average the appraised amounts after personally viewing the residence. T. at 243-245.
 {¶ 26} The decision on value was based upon the most current, reliable evidence available. The trial court did not err in determining the value of the marital residence.
 {¶ 27} Assignment of Error III is denied.
 {¶ 28} The judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division, is hereby affirmed.
Gwin, P.J. and Edwards, J. concur.